60 F.3d 831
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Brenda J. WARD, Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States
Postal Service, Appellee.
 No. 94-3955
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 16, 1995.
Filed: July 12, 1995.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and KYLE,* District Judge.
 PER CURIAM.
 
 
 1
 The sole issue on this appeal is whether Brenda J. Ward was eligible for benefits under the Rehabilitation Act of 1973, 29 U.S.C. Secs. 701 to 797b, for the period of November 26, 1991, through June 22, 1992. The district court granted the Postal Service's motion for judgment as a matter of law. The district court determined that the evidence did not support a finding that Ward was handicapped or that the Postal Service discriminated against her because of her disability. We affirm.
 
 
 2
 Ward is employed by the Postal Service. Due to physical restrictions, she has been on limited duty. She is currently working in the damaged mail unit. The Postal Service states that it intends to keep Ward in that position for as long as she can perform the work. Thus, no live issue on Ward's eligibility for long-term benefits under the Rehabilitation Act exists.
 
 
 3
 Ward properly was denied benefits under the Rehabilitation Act between November 26, 1991, to June 22, 1992. The Rehabilitation Act requires that a qualified person with a disability shall not be subject to discrimination because of his or her disability. 29 U.S.C. Sec. 794 (1995). During this seven-month period, Ward contended that she could perform the work of a mail handler with reasonable accommodation. At trial, however, Ward conceded that no accommodation would have enabled her to perform the mail handler job during the time period in question. She does, however, assert that she could have performed the damaged mail job during that time period and that she was not given the opportunity to work in that position.
 
 
 4
 The Postal Service asserts that on November 26, 1991, it was concerned over Ward's physical condition and needed an updated list of her work restrictions. The Postal Service requested that Ward undergo medical examinations to determine her fitness for duty. It arranged three fitness-for-duty examinations. Ward failed to attend an appointment until March 25, 1992. Therefore, we have no alternative but to deny relief for the period from November 26, 1991, through June 22, 1992.
 
 
 5
 The result would be different had Ward complied with the Postal Service's requests and been denied work in the damaged mail unit, assuming she could have performed the work. Under those circumstances, she would be entitled to receive the benefits she now seeks.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation